UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 11-3181 - Goodman

UNITED STATES OF AMERICA

vs.

ENRIQUE VINALES,

        Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes __x__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  _____ Yes __x__ No


        Respectfully Submitted,

        WIFREDO A. FERRER
        UNITED STATES ATTORNEY

By:  *[signature]*
        MONIQUE BOTERO
        Assistant United States Attorney
        Florida Bar No. 722286
        U.S. Attorney's Office - SDFL
        99 Northeast 4th Street, Suite 700
        Miami, Florida 33132
        (305) 961-9427(tel)/(305) 536-7213(fax)
        Monique.Botero@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>ENRIQUE VINALES,<br><br>*Defendant(s)* | )<br>)<br>) Case No. 11-3181-Goodman<br>)<br>)<br>) |

### CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 31, 2011__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Conspiracy to Possess Heroin with Intent to Distribute |
| 18 U.S.C. § 924(c) | Possession of a Firearm in Furtherance of a Drug Trafficking Crime |

This criminal complaint is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

S/A Edward J. Willett III, Drug Enforcement Admin.
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 09/01/2011

_____
*Judge's signature*

City and state: Miami, Florida    Hon. Jonathan Goodman, U.S Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Edward J. Willett III, being duly sworn, depose and state as follows:

1. I am a Special Agent (SA) with the DEA assigned to the Miami Field Division. I have been a Special Agent of the DEA for approximately five years, having been assigned to the Miami Division since February 2007.

2. During my law enforcement career, I have participated in the execution of numerous of narcotics arrests and search warrants in narcotics and/or money laundering cases. I have received specialized training and experience in narcotics smuggling and distribution, including but not limited to the means and methods used by traffickers to import and distribute narcotics, interdiction, smuggling methods, and the concealment and laundering of proceeds from illicit drug trafficking activities. I have participated in numerous narcotics investigations, debriefed or participated in debriefings of multiple defendants, informants, and witnesses who had personal knowledge of narcotics trafficking organizations, and I have participated in all aspects of drug investigations.

2. The information contained in this affidavit is submitted for the sole purpose of establishing probable cause to arrest Enrique VINALES for violations of Title 21, United States Code, Section 846, that, is conspiracy to possess with intent to distribute heroin; and Title 18, United States Code, Section 924(c), that is, possession of a firearm in furtherance of a drug trafficking offense. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not contain all of the information known to me and other law enforcement officers involved in this investigation. The facts and information contained in this affidavit are based on my personal knowledge and observations, as well as upon information received in my official capacity from other individuals, including other law enforcement officers involved in this investigation as

1

well as my review of records, documents, and other physical items obtained during the course of this investigation.

3. On August 31, 2011, agents from the Drug Enforcement Administration (hereinafter DEA) and the city of Miami Police Department (hereinafter MPD) executed a federal search warrant at 320 NW 45th Street, Miami, Florida 33127, a location believed to be the residence of Enrique VINALES.

4. Upon making entry into the residence, agents observed VINALES standing in the middle of the front entry room. VINALES was secured and taken out of the residence.

5. A search revealed that VINALES was living a bedroom located in the northeast side of the residence. VINALES' room contained male clothing which corresponded to his physical size, his Florida identification card, and photographs which contained VINALES. VINALES' mother also lived in the residence. Her bedroom was located in the southeast side of the residence.

6. During a search of VINALES' room, law enforcement officers discovered approximately two ounces of suspected heroin, broken down into small baggies, concealed in the mattress of his bed. Additionally, in his room agents located three baggies with suspected cocaine on the top of his dresser. The substance was field tested and proved positive for the presence of heroin.

7. A search of the living room revealed, on the table, a bag containing approximately five grams of suspected black tar heroin. A search of the kitchen revealed one plastic jar containing suspect heroin and cutting agents in the kitchen cabinet. Additionally on top of the dining room table a box was discovered that contained over 1000 baggies consistent with narcotics packaging. A few feet from the table, on top of the china cabinet, law enforcement discovered two digital scales, as

well as a plate, a spoon, a toothbrush, a five of diamonds playing card, and a sifter, consistent narcotics weighing and packaging

8. In the search of the home, agents also discovered that someone had flushed a substance suspected to be heroin down the toilet in the bathroom. Agents observed multiple baggies in the toilet and powder consistent with heroin on and around the toilet.

9. Agents also located two firearms in VINALES' bedroom. The first firearm, a loaded Davis Industries .22 mag pistol, was found on the headboard of VINALES' bed. The second firearm, a loaded Glock 19 9mm handgun, and an SKS magazine, also fully loaded, were found in VINALES' bed, under the covers. In addition to the two handguns, law enforcement officers located an SKS Norinco KSI assault rifle secreted in an air conditioning duct immediately outside VINALES' bedroom. Law enforcement also found over a hundred pieces of assorted ammunition for all the firearms.

10. Outside the residence, with VINALES present, one law enforcement officer relayed to another law enforcement officer that firearms were found during the search. VINALES then spontaneously stated that the Glock was his.

11. Based on the foregoing facts, I submit that probable cause exits to believe that Enrique VINALES committed violations of Title 21, United States Code, Section 846, that, is conspiracy to possess with intent to distribute heroin; and Title 18, United States Code, Section 924(c), that is, possession of a firearm in furtherance of a drug trafficking offense.

FURTHER AFFIANT SAYETH NAUGHT.

_____
EDWARD J. WILLETT III, SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Subscribed to and sworn before me
at Miami, Florida, this \_\_\_ day of September, 2011.

_____
HON. JONATHAN GOODMAN
UNITED STATES MAGISTRATE JUDGE

4